JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 25-08427-MWF (KSx)** **Date: March 12, 2026**

Title: Tatevik Sargsyan v. United States Citizenship and Immigration Services

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13]

Before the Court is Defendant United States Citizenship and Immigration Service's ("USCIS") Motion to Dismiss (the "Motion"), filed on February 6, 2026. (Docket No. 13). Plaintiff filed an Opposition on February 11, 2026. (Docket No. 14). Defendant filed a Reply on February 23, 2026. (Docket No. 15).

The Court has read and considered the papers on the Motion and held a hearing on **March 9, 2026**.

The Motion is **GRANTED.** The Court lacks jurisdiction over this action pursuant to 8 U.S.C. § 1252(a)(2)(B)(i).

## I. BACKGROUND

Plaintiff filed the Complaint in this action on September 4, 2025. (Docket No. 1 ("Complaint")). Plaintiff alleges that Defendant denied her spouse's adjustment of status application on August 27, 2025. (*Id.* ¶ 20). Plaintiff alleges that USCIS's denial was unlawful because it "refus[ed] to correct completely false assertions of fact on the record and disregard[ed] the law." (*Id.* ¶ 22). Plaintiff's Complaint details various erroneous factual and legal determinations that Plaintiff alleges were made by Defendant. (*See generally* Complaint). Based on these allegations, Plaintiff brings a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), alleging that the denial of the adjustment of status application and the putative errors made in

that process were contrary to law or violated Plaintiff's constitutional rights. (*Id.* ¶¶ 7-12).

## II. DISCUSSION

"Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court." *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)). A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, such as Defendant's here, the complaint's allegations must be accepted as true. *See id.*

Defendant moves to dismiss the Complaint on alternative grounds. First, Defendant argues that this Court lacks jurisdiction to review the determination made by USCIS that is being challenged by the Complaint under 8 U.S.C. § 1252(a)(2)(B)(i) (Motion at 5-9). Second, Defendant argues that in any event, the Complaint fails to state a claim for a constitutional violation. (*Id.* at 9). Because the jurisdictional challenge is dispositive here, the Court does not reach the arguments made under Rule 12(b)(6).

As a preliminary matter, § 1252(a)(2)(B)(i) states in relevant part:

> **(B) Denials of discretionary relief**
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—

> **(i)** any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title…

It is not disputed that the denial of Plaintiff's spouse's application for adjustment of status was made under 8 U.S.C. § 1255, which is named in § 1252(a)(2)(B)(i). Rather, the crux of Plaintiff's claim is that legal errors in the denial of her spouse's adjustment of status application denied her and her daughter of their constitutional due process rights and the right of family liberty and autonomy, and thus the denial violated the APA because it was contrary to law. (Complaint ¶¶ 7, 8). But in *Nakka v. United States Citizenship and Immigration Services,* 111 F.4th 995, 1015 (9th Cir. 2024), following the Supreme Court's decision in *Patel v. Garland,* 596 U.S. 328 (2022), the Ninth Circuit agreed with sister-circuit opinions that district courts may not review plaintiffs' challenges where they "refer[red] to or rel[ied] on the denial of [their] individual applications," even where plaintiffs brought a challenge that the denials were arbitrary and capricious under the APA. *See id.* at 1015. Examining those cases, the Ninth Circuit confirmed in *Nakka* that § 1252(a)(2)(B)(i) "strips district courts of jurisdiction to hear a plaintiff's APA claim when that claim challenges an agency's individualized denial of an application for adjustment of status." *Id.* Because Plaintiff's claim falls into precisely that category, the Motion must be granted.

Plaintiff's Opposition primarily argues that this Court retains jurisdiction to review pure legal error or constitutional violations made in the discretionary process of denying the application. (*See* Opp. at 7-21). But as Defendant responds, to the extent that Plaintiff raises merely constitutional claims or pure legal questions, rather than disputing USCIC's factual determinations, § 1252(a)(2)(D) provides that these questions may be "raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." (*See* Reply at 2-3); *see Nakka,* 999, 1012-15 (holding that a challenge to a denial of adjustment of status based on putatively unlawful policies is channeled for review under 1252(a)(2)(D)). Therefore, in any event, this Court would lack jurisdiction over Plaintiff's claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 25-08427-MWF (KSx)** **Date: March 12, 2026**

Title: Tatevik Sargsyan v. United States Citizenship and Immigration Services

At the hearing, Plaintiff urged that the channeling provision in § 1252(a)(2)(D) cannot be interpreted to preclude district court review of legal errors that occur in discretionary decision-making by the Executive outside of removal proceedings. But this argument was raised and rejected in *Nakka.* There, the Ninth Circuit agreed with the Government that discretionary denials for adjustment of status, like here, "would be reviewable on a petition for review from a final removal order under § 1252(a)(2)(D), even if the agency denied relief when the petitioner had lawful status and was not in removal proceedings." *See* 111 F.4th at 1013. Accordingly, the channeling provision does not preclude all judicial review of these putative pure legal errors, but it only precludes review by the district courts.

The Motion is therefore **GRANTED *without leave to amend*** and the action is **DISMISSED**.

IT IS SO ORDERED.