UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 25-08427-MWF(KSx)** **Date: July 20, 2026**

Title: Tatevik Sargsyan v. U.S. Citizenship and Immigration Services, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER DENYING MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND THE JUDGMENT [18]

Before the Court is Plaintiff Tatevik Sargsyan's Motion for Reconsideration and to Alter or Amend the Judgment (the "Motion"), filed on March 24, 2026. (Docket No. 18). Defendants U.S. Citizenship and Immigration Services ("USCIS") and Lory C. Torres, Field Office Director of the USCIS Los Angeles Field Office, filed an Opposition on April 6, 2026. (Docket No. 20). Plaintiff filed a Reply on April 9, 2026. (Docket No. 21). The Court notes that while Plaintiff submitted another filing on April 15, 2026, it appears to be identical to the Reply. (*Compare* Docket No. 21 *with* Docket No. 22).

The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

The Motion is **DENIED.** Plaintiff presents no new material facts that warrant reconsideration of the Court's judgment.

## I. BACKGROUND

The factual background of this action is fully set forth in the Court's Order Granting Defendants' Motion to Dismiss (the "Prior Order"). (Docket No. 17). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 25-08427-MWF(KSx) Date: July 20, 2026**

Title: Tatevik Sargsyan v. U.S. Citizenship and Immigration Services, et al.

Court therefore does not repeat the factual background here but incorporates that section of the Prior Order.

In the Prior Order, the Court held that there was no jurisdiction to review USCIS's denial of Plaintiff's spouse's adjustment of status application, even to the extent that Plaintiff was alleging purely legal issues rather than USCIS's determinations of fact. (*See id.* at 1, 3-4). The Court's ruling rested on the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(i) and the Ninth Circuit's holding in *Nakka v. USCIS,* 111 F.4th 995 (9th Cir. 2024). (*See generally id.*).

## II. LEGAL STANDARD

A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). The movant bears the burden of proving that reconsideration is proper. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." *Gish v. Newsom*, No. EDCV 20-755-JGB (KKx), 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020) (citation omitted)). Under Local Rule 7-18, a motion for reconsideration may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered; (b) the emergence of new material facts or a change of law occurring after the Order was entered; or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. L.R. 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 25-08427-MWF(KSx)** **Date: July 20, 2026**

Title: Tatevik Sargsyan v. U.S. Citizenship and Immigration Services, et al.

## III. DISCUSSION

Plaintiff argues that the Court failed to consider the material fact that her spouse had a removal order that became final in 2024 when the Fifth Circuit Court of Appeals declined to reopen his removal proceedings. (*See generally* Motion). Plaintiff argues that the holding relied upon by the Court in *Nakka v. USCIS,* 111 F.4th 995 (9th Cir. 2024) was expressly premised on the availability of judicial review through removal proceedings, and thus because Plaintiff's spouse does not have the same review available, this Court erred in relying on *Nakka*. (*See id.* at 4-6).

But the Court disagrees that Plaintiff's spouse's final removal order is a material fact warranting reconsideration. The Ninth Circuit's holding in *Nakka* did not rely on the availability of judicial review through a removal proceeding as to the particular appellant in that case, P. Peddada, but rather relied on the fact that Congress had provided for judicial review through the removal process. *See* 111 F.4th at 1013 (explaining that presumption of favoring judicial review did not apply "because the statute does not completely bar review of USCIS and DHS denials of adjustment application"). Indeed, the panel made its holding as to district court jurisdiction despite the recognition that "as a practical matter, [it might] render [certain applicants'] claims completely unreviewable by any court, including circuit courts." *Id.* at 1014. Although the opinion made this comment in the context of "non-removable applicants" for adjustment of status rather than those applicants who have final removal orders, as here, the factual circumstance would remain that no pathway is available for non-removable applicants under § 1252(a)(2)(D), just as for Petitioner's spouse here. *See id*.

The Ninth Circuit has also rejected the applicability of the presumption favoring judicial review to the jurisdiction stripping statute at issue here, § 1252(a)(2)(B)(i), both in *Nakka, see* 111 F.4th at 1013, and in a follow-on case, *Garcia v. USCIS,* 146 F.4th 743, 754 (9th Cir. 2025). In *Garcia*, the Ninth Circuit made it clear that the presumption "only comes into play when the text [of the statute] is ambiguous," but *Nakka* squarely held that the text of § 1252(a)(2)(B)(i) "demonstrates clear

congressional intent to strip [district court] jurisdiction to review" these types of claims. *Id.* As the *Garcia* court stated, "[t]he meaning of the statutory text cannot change depending on the plaintiff." *Id.* The Court therefore cannot rely on the presumption of reviewability, as Plaintiff urges here, to ignore the clear text of § 1252(a)(2)(B)(i) stripping this Court's jurisdiction.

Finally, although the Supreme Court has not ruled upon this question, the Court has made statements in dicta in the case *Patel v. Garland,* 596 U.S. 328, 345-45 (2022), supporting the conclusion that this Court does not have jurisdiction to review USCIS's decision here, even if it renders that decision virtually unreviewable. In *Patel,* the Court recognized that there may be circumstances where USCIS decisions are "wholly insulated from judicial review" if § 1252(a)(2)(D) is inapplicable, as Plaintiff claims here. *Id.* While the Court declined to decide that issue as it was not before the Court, the Court remarked that "it is possible that Congress did, in fact, intend to close that door." *See id.* The D.C. Circuit relied upon this reasoning when it acknowledged in a case similar to *Nakka* that "[w]e recognize that our interpretation of § 1252(a)(2)(B)(i) leaves no path for judicial review of denials of adjustment of status by USCIS." *See Abuzeid v. Mayorkas,* 62 F.4th 578, 585 (D.C. Cir. 2023).

The Motion is therefore **DENIED**.

IT IS SO ORDERED.